344

UNITED STATES v. PASCUZZO.
No. 4540.

District Court, E. D. Pennsylvania.
June 22, 1945.

James P. McCormick, Asst. U. S. Atty., of Philadelphia, Pa., for the Government.

Harry Shapiro, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This is an action brought to enforce liabilities and duties created by and to prevent and restrain violations of the Act of Congress of June 28, 1940, 54 Stat. 676, entitled "An Act to expedite national defense, and for other purposes", as amended by the Act of Congress of May 31, 1941, Public Law No. 89, 77th Congress, herein referred to as the National Defense Act, and by the Act of Congress of March 27, 1942, Public Law No. 507, 77th Congress, Second War Powers Act, 1942, 50 U.S.C.A.Appendix, § 1151 et seq., and Regulations and Orders issued thereunder as hereinafter more fully set forth. The jurisdiction of this Court is based upon Sec. 24(1) of the Judicial Code, Sec. 41(1), Title 28 U.S.C.A., and the Act of Congress of March 27, 1942, described above.

The Court has jurisdiction of all parties and the subject matter.

The sole question for determination presented by the plaintiff's motion for a preliminary injunction is whether defendant made alterations and repairs to his building at 4728 Frankford Avenue, Philadelphia, Pennsylvania, in violation of the War Pro-

duction Board's Conservation Order L—41 issued and effective April 9, 1942 (7 F.R. 2730), as amended.

Conservation Order L—41, as amended, provides, inter alia, that no person shall do any construction as provided in the said Order as amended, which has not been permitted by the War Production Board unless it is of the kind described in Par. (C) or (D) of the said Order.

Conservation Order L—41 as amended was effective on July 11, 1944, and at all times set forth in the bill of complaint.

Testimony was taken by this Court on the motion for a preliminary injunction on March 20, 1945, and the matter became ripe for consideration with the filing of the Requests for Findings of Fact and Conclusions of Law on June 8, 1945.

Upon consideration of the pleadings and testimony, arguments of counsel and the Requests, I make the following

### Findings of Fact

1. On July 11, 1944, the defendant, pursuant to the provisions of Conservation Order L—41, filed an application with the War Production Board on Form W.P.B. 617, for permission to make alterations and repairs to his restaurant at 4728 Frankford Avenue, Philadelphia, at an estimated cost of $2,000.

2. On July 12, 1944, pursuant to the application of the defendant, the War Production Board issued its authorization to the defendant, authorizing him to make, and have made, alterations and repairs to his restaurant at 4728 Frankford Avenue, Philadelphia, at an estimated cost of $2,000, and the said War Production Board did authorize the use of Preference Rating AA–3, for the purpose of enabling defendant to obtain the materials necessary for the completion of the alterations and repairs aforesaid, the said authorization for the use of Preference Rating AA–3 to expire on September 12, 1944.

3. The defendant, Peter Pascuzzo, on October 1, 1944, and on sundry dates subsequent thereto, made alterations, changes and repairs to premises 4728 Frankford Avenue, Philadelphia, at a cost in excess of $10,000.

4. The defendant, Peter Pascuzzo, never requested an authorization of the War Production Board to authorize expenditures in excess of $2,000, for alterations, repairs,

and changes to premises 4728 Frankford Avenue, Philadelphia.

5. The construction, alterations and repairs made by the defendant to premises 4728 Frankford Avenue, Philadelphia on and subsequent to October, 1944, consisted of excavations, laying concrete floors, general masonry, plumbing installations, heating system installations, building and erecting partitions, plastering work and other alterations and repairs.

6. The defendant, Peter Pascuzzo, was on the date this cause came on for a hearing, to wit: March 20, 1945, continuing to make alterations, repairs and changes to his building at 4728 Frankford Avenue, Philadelphia, without authorization from the War Production Board so to do.

7. No inspection of the premises referred to in the complaint was made by the plaintiff or any agency, representative, employee, or any employee of any agency or representative from October, 1944, to March, 1945.

8. An ex parte injunction was granted in this case on the 14th day of March, 1945, and has continued in effect to the present date. Defendant discontinued work in obedience to the provisions of such ex parte injunction.

### Discussion

The testimony in this case clearly established that the alterations, repairs and changes made by the defendant to his building at 4728 Frankford Avenue, Philadelphia, are in violation of War Production Board Conservation Order L—41 and its amendments. Under the circumstances the Court has no alternative but to grant the motion for a preliminary injunction as sought by the plaintiff. Accordingly, I state the following

### Conclusions of Law

1. The defendant has made alterations, repairs and changes to his building at 4728 Frankford Avenue, Philadelphia, in violation of War Production Board Conservation Order L—41 and its amendments, and completion of said alterations, repairs and changes could only be accomplished in violation of said Order L—41 and its amendments.

The motion for the preliminary injunction is granted.

An order may be submitted in accordance with this opinion.